UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
LAMONT MIKELL,

                Plaintiff,                    Case No.: 14-cv-9595 (VEC)

          v.

FORREST STAFFING SOLUTIONS,
GREG BOUDREAU, CURTIS
DUMESNIL, HILREY RILEY,
PAM SIBBLE, CHERRIE ROSS,

                Defendants.

------------------------------------------------------------ X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

TANNENBAUM HELPERN SYRACUSE
& HIRSCHTRITT LLP

Andrew W. Singer
Jason B. Klimpl
900 Third Avenue
New York, New York 10022
Telephone: (212) 508-6700
Facsimile: (212) 371-1084
singer@thsh.com
klimpl@thsh.com

*Attorneys for the Defendants*

Dated: October 8, 2015

**PRELIMINARY STATEMENT**

Forrest Solutions, Inc. (s/h/a Forrest Staffing Solutions) ("Forrest"), Greg Boudreau, Curtis Dumesnil, Hillary Reilly (s/h/a Hilrey Riley), Pam Sibble, and Cherie Ross (s/h/a Cherrie Ross) (Boudreau, Dumesnil, Reilly, Sibble, and Ross, collectively, the "Individual Defendants," and together with Forrest, the "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the Amended Complaint filed by Plaintiff *pro se* Lamont Mikell on or about September 15, 2015 (ECF Doc. #29) (the "Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Accompanying this memorandum of law is the Declaration of Jason B. Klimpl, Esq. dated October 8, 2015.

**ARGUMENT**

**I.   APPLICABLE STANDARDS ON A MOTION TO DISMISS**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotation marks omitted). That is, Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a

plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79; *Podany v. Robertson Stephens, Inc.*, 350 F.Supp.2d 375, 378 (S.D.N.Y. 2004) ("[D]iscovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim.").

The same standard applies to motions to dismiss *pro se* complaints. *See Zapolski v. Fed. Republic of Germany*, 425 F. App'x 5, 6 (2d Cir. 2011). Thus, "even pro se plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson v. N.Y.S. Dep't of Labor,* 709 F.Supp.2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). A *pro se* plaintiff's pleadings must contain "more than an unadorned, the defendant-unlawfully-harmed me accusation." *Iqbal*, 566 U.S. at 678. *See also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("[P]ro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'") (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)); *Cain v. Mandl Coll. of Allied Health*, No. 14-cv-1729 (ER), 2015 WL 3457143, at *3 (S.D.N.Y. May 29, 2015).

## II. PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS ARE NOT COGNIZABLE AND SHOULD BE DISMISSED

As an initial matter, Plaintiff brings claims against the five Individual Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq*. ("ADEA").

It is well settled that Title VII and the ADEA do not provide for individual or personal liability. *See, e.g.*, *Thomson v. Odyssey House,* No. 14-cv-3857 (MKB), 2015 WL 5561209, at *25 (E.D.N.Y. Sept. 21, 2015) ("The Court also dismisses Thomson's Title VII and ADA claims against the Individual Defendants, who may not be held personally liable for those claims, as the

Individual Defendants are not alleged to be her employers."); *Mohamed v. NYU*, No. 14-cv-8373 (GBD), 2015 WL 5307391, at *5 (S.D.N.Y. Sept. 10, 2015) ("Because neither Title VII nor the ADEA provide for individual liability, Plaintiff's federal claims against the individual defendants … are dismissed."); *Kia Song Tang v. Glocap Search LLC*, No. 14-cv-1108 (JMF), 2015 WL 1344788, at *4 (S.D.N.Y. Mar. 24, 2015) (citing *Mandell v. Cnty. Of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003) for the proposition that "there is no individual liability under Title VII"); *Smith v. Johnson*, No. 14-cv-3975 (KBF), 2014 WL 5410054, at *4 (S.D.N.Y. Oct. 24, 2014) ("There is no individual liability under Title VII, the ADEA, or the ADA.").

Accordingly, the Plaintiff's claims against the Individual Defendants should be dismissed.

### III. PLAINTIFF'S AMENDED COMPLAINT DOES NOT SET FORTH FACTS SUFFICIENT TO STATE A CAUSE OF ACTION AGAINST FORREST

In addition to his claims against the Individual Defendants, Plaintiff brings various civil rights claims against Forrest, his former employer. Specifically, Plaintiff's Amended Complaint appears to allege that Forrest discriminated against him on the basis of his age, religion, gender, race, and color in violation of Title VII and the ADEA. Moreover, the Amended Complaint appears to allege that Plaintiff was subjected to illegal retaliation. For the reasons set forth below, Plaintiff's Amended Complaint fails to state a cognizable cause of action against Forrest under any theory.

#### A. **Plaintiff's Age Discrimination Claim**

Plaintiff's Amended Complaint fails to set forth even a single factual allegation relating to his age. Accordingly, his ADEA claim should be dismissed.

### B.  Plaintiff's Religious Discrimination Claim

Similarly, Plaintiff's Amended Complaint fails to allege how he was discriminated against on the basis of his religion. Accordingly, his Title VII religious discrimination claim should be dismissed.

### C.  Plaintiff's Gender Discrimination Claim

Plaintiff appears to allege that he was subjected to a gender-based hostile work environment resulting from the alleged conduct of two of his co-workers. Specifically, Plaintiff's Amended Complaint alleges that Defendant Cherie Ross, a "temporary employee," referred to the Plaintiff as a "Black Pimp." Compl. at § II.E. Additionally, the Amended Complaint alleges that Defendant Pam Sibble, another "temporary employee," "said I went to lunch 2:45 min [*sic*] as a retaliation to me having white guy's / female friends." *Id.* To the extent Plaintiff believes he was subjected to an actionable hostile work environment on the basis of his gender, his claim is without legal merit.

The United States Supreme Court has long admonished that Title VII is not a "general civility code." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious)" are not actionable under Title VII. *Id.* (internal citations and quotation marks omitted) (Title VII filters out "the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing"). Thus, harassment is only actionable under Title VII where it is so "severe or pervasive" as to alter the conditions of the victim's employment and create an abusive working environment. *Id.* In determining whether alleged harassment was sufficiently hostile or abusive to rise to an actionable level, courts consider a variety of factors, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or

merely offensive; and whether it unreasonably interferes with an employee's work performance. *Id.* at 787-88. For instance, the "mere utterance of an ethnic or racial epithet which engenders offensive feelings in an employee would not sufficiently alter terms and conditions of employment to violate Title VII." *Id.* at 787 (internal citations and quotation marks omitted). *See also Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997) ("For racist comments, slurs, and jokes to constitute a hostile work environment, there must be more than a few isolated incidents of racial enmity, meaning that instead of sporadic racial slurs, there must be a steady barrage of opprobrious racial comments.") (internal citations and quotation marks omitted).

Here, only Ross is alleged to have made a remark that conceivably relates to Plaintiff's gender, *i.e.*, that Plaintiff is a "pimp." As described above, this alleged remark cannot and does not rise to an actionable "severe or pervasive" level. *See, e.g., Lioi v. New York City Dep't of Health & Mental Hygiene*, 914 F.Supp.2d 567, 590 (S.D.N.Y. 2012) (finding alleged comments "this is an old boy's school" and "This is a man's world. Stop rocking the boat" fall far short of a cognizable claim for gender-based hostile work environment). Moreover, Plaintiff fails to provide any allegation to support his theory that "Pam Sibble said I went to lunch 2:45 min as retaliation to me having white guy's / female friends," which is wholly based on speculation and conjecture. *See Sharpe v. MCI Commc'ns Servs., Inc.*, 684 F.Supp.2d 394, 400 (S.D.N.Y. 2010) ("A hostile work environment claim under Title VII requires a showing that the conduct occurred because of plaintiff's membership in a protected class.... 'Personal speculation is insufficient as a matter of law to raise an inference of discrimination.'") (internal citation omitted).

Accordingly, Plaintiff's Title VII gender discrimination claim should be dismissed.

### D. Plaintiff's Race Discrimination Claim

Plaintiff also appears to allege that he was subjected to racial harassment, *i.e.*, a hostile work environment based on his race. Specifically, Plaintiff may believe that Ross's alleged remark that Plaintiff is a "Black Pimp" – or that Sibble "said [Plaintiff] went to lunch 2:45 min as retaliation to me having white guy's ... friends" – constitutes racial harassment. However, Plaintiff's race harassment claim fails for the same reasons that his gender harassment claim fails. *See Smith v. Donahoe*, No. 11-cv-6243 (MAT), 2014 WL 693002, at *9 (W.D.N.Y. Feb. 21, 2014) (finding that reference to another employee as an "ugly black pimp" did not rise to the level of "severe and pervasive conduct" for a hostile work environment).

Accordingly, Plaintiff's Title VII race and color discrimination claim should be dismissed.

### E. Plaintiff's Retaliation Claim

To the extent Plaintiff also asserts that he was subjected to illegal retaliation (*see* Compl. at § II.E. ("Pam Sibble said I went to lunch 2:45 min as a retaliation to me having white guy's / female friends.")), his claim is without legal merit.

"Federal and state law retaliation claims are reviewed under the burden-shifting approach of *McDonnell Douglas*, 411 U.S. at 802-04." *Kwan v. Andalex Group LLC*, 737 F.3d 834, 843 (2d Cir. 2013). Under the *McDonnell Douglas* framework, the plaintiff must establish a *prima facie* case of retaliation by showing: (1) plaintiff's participation in a protected activity; (2) the defendant's knowledge of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action. *Id.* at 844.

Here, Plaintiff's Amended Complaint fails to allege facts sufficient to plead a *prima facie* case of retaliation under Title VII or the ADEA. Plaintiff utterly fails to allege that he

participated in any protected activity; that Forrest was aware of any such protected activity; or that he suffered any adverse employment action based on such protected activity. *See Santucci v. Veneman*, No. 01-cv-6644 (CBM), 2002 WL 31255115, at *4 (S.D.N.Y. Oct. 8, 2002) (dismissing plaintiff's Title VII retaliation claim because "plaintiff utterly fails to allege such a good faith, reasonable belief that defendant's alleged retaliatory tactics were undertaken *in response to Title VII-protected activity*") (emphasis in original).

Accordingly, Plaintiff's Title VII / ADEA retaliation claim should be dismissed.

## IV. PLAINTIFF SHOULD NOT BE GIVEN FURTHER LEAVE TO REPLEAD

The Second Circuit has stated that "[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Regnante v. S.E.C.*, No. 14-cv-4880 (KPF), 2015 WL 5692174, at *19 (S.D.N.Y. Sept. 28, 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). On the other hand, leave to amend may be denied where the proposed amendment would be futile, including where the court is "confident that Plaintiff cannot surmount the many legal hurdles" he faces. *Id.*

Here, in the event Plaintiff seeks leave to file yet another amended pleading, his application should be denied. First, Plaintiff has already amended his complaint, having filed a proposed amended complaint (ECF Doc. #22) followed by his Amended Complaint (ECF Doc. #29) – it is entirely unclear how granting Plaintiff another opportunity to amend his complaint would yield a different result. Second, at the conference held on September 15, 2015, the Court, in narrowly granting Plaintiff's application to amend his Complaint, squarely instructed Plaintiff to include within his Amended Complaint all relevant facts to support his claims. Finally, in any

event, Plaintiff's legal theories are simply not cognizable, given his allegations, and any further attempt to further amend his pleading would be futile.

Accordingly, Plaintiff's Amended Complaint should be dismissed without leave to amend.

## CONCLUSION

The Defendants respectfully submit that this Court should dismiss the Plaintiff's Amended Complaint in its entirety with prejudice, and without further leave to amend, and should award the Defendants such other and further relief as is just and proper.

Dated: New York, New York
October 8, 2015

TANNENBAUM HELPERN SYRACUSE
& HIRSCHTRITT LLP

By: _____
Andrew W. Singer
Jason B. Klimpl

900 Third Avenue
New York, New York 10022
Telephone: (212) 508-6700
Facsimile: (212) 371-1084
singer@thsh.com
klimpl@thsh.com

*Attorneys for the Defendants*

To:   Lamont Mikell (by electronic service to lamontmikell@yahoo.com)
      *Plaintiff Pro Se*